M. NEIL FINGER AND REBECCA B. FINGER v. COLEMAN CARTER AND VIRGINIA H. CARTER

No. 8123DC721

(Filed 6 April 1982)

Bills and Notes § 20— defense to action on note—summary judgment improper

In an action to recover the balance due on a promissory note, the issue of whether, in consideration of the execution of the note, plaintiffs executed a written agreement to convey a 25% interest in a 158 acre tract of land was not resolved by plaintiffs' delivery of a quitclaim deed to the 158 acre tract which they say they do not own, and the trial court erred in entering summary judgment for plaintiffs on the basis of the quitclaim deed.

APPEAL by defendants from *Ferree, Judge*. Judgment entered 6 May 1981 in District Court, YADKIN County. Heard in the Court of Appeals 10 March 1982.

Plaintiffs sue for the balance due on a note executed by defendants. Defendants admit the execution of the note. They contend, however, that they are entitled to a set-off in the amount of the balance due because of plaintiffs' alleged failure to carry out

the terms of a written contract for which the note was given. In consideration for the note defendants allege plaintiffs agreed to transfer, among other things:

> "(c) . . . a 25% interest in a 158 acre tract of land located in Ashe County, State of North Carolina; the defendants allege and say that the plaintiffs never complied with this provision of this Agreement."

Plaintiffs moved for summary judgment. By affidavit, they deny ever owning any interest in the 158 acre tract and deny ever agreeing to convey the land to defendants. In their affidavit, they agreed to execute a quitclaim deed to the tract. Their motion for summary judgment was denied by Judge Osborne on 5 May 1981. The case come on for trial on 5 May 1981 before Judge Ferree. On the morning of the trial, a quitclaim deed from plaintiffs to defendants was delivered to defendants. The judge then concluded that there was no genuine issue of fact and entered summary judgment for plaintiffs.

*Finger, Park and Parker, by Raymond A. Parker II, for plaintiff appellees.*

*Steven P. Pixley, for defendant appellants.*

VAUGHN, Judge.

The judgment must be reversed. The issue of whether, in consideration of the execution of the note, plaintiffs executed a written agreement to convey a 25% interest in a 158 acre tract of land in Ashe County remains. It certainly was not resolved by the delivery of a quitclaim deed to land they say they do not own.

Reversed.

Chief Judge MORRIS and Judge HEDRICK concur.